IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Darwin Tyrell Kelly, | ) | Case No. 5:25-cv-05338-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Jovanny Jeremiah Quiles, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed this case in the Orangeburg County Court of Common Pleas on November 13, 2024. [Doc. 1-2.] The Complaint alleges that Plaintiff was injured in a motor vehicle accident and asserts one cause of action for negligence/gross negligence against Defendant. [*Id*.] Defendant removed the case to this Court on June 12, 2025. [Doc. 1.] The Court is not convinced that it has subject matter jurisdiction over Plaintiff's claim.[1]

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States

---

[1] The Fourth Circuit Court of Appeals has explained:

> [A] district court may inquire sua sponte whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction, or it may invite a motion to remand based on a lack of subject matter jurisdiction and resolve that motion as it would any other motion, again imposing the burden of demonstrating jurisdiction on the defendants.

*Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

have original jurisdiction." 28 U.S.C. § 1441(a).  Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Id*.  Thus, remand is necessary if federal jurisdiction is doubtful. *Id*.

In this case, Defendant alleges that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claim under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur."  *Burns v. State Farm Mut. Auto. Ins.*, No. 5:19-cv-31, 2019 WL 2603330, at *3 (N.D.W. Va. June 25, 2019).  Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin*, 574 U.S. at 89.  "When a plaintiff's complaint leaves

the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

In his Complaint, Plaintiff alleges that he has "suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, and loss of enjoyment of life." [Doc. 1-2 ¶ 14.] He seeks actual and punitive damages but does not specify the amount of damages he seeks. [*Id*. at 5.] Regarding the amount in controversy, in his notice of removal, Defendant acknowledges that the Complaint does not specify the amount of damages being sought but asserts that because Plaintiff seeks "medical expenses, lost wages, and pain and suffering," in addition to punitive damages, "the amount in controversy in this action . . . is likely to exceed $75,000." [Doc. 1 ¶¶ 9–12.] Based on these filings, the Court questions whether the amount in controversy exceeds the jurisdictional threshold and, thus, whether it has subject matter jurisdiction over this case.[2]

Wherefore, based upon the foregoing, Defendant is ORDERED to show cause, by June 27, 2025, why the Court should not remand this action to state court. Plaintiff shall file a reply by July 7, 2025, to Defendant's response to this Order.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 25, 2025
Columbia, South Carolina

---

[2] Complete diversity of the parties exists because Plaintiff is a citizen of South Carolina and Defendant is a citizen of Florida. [Docs. 1 ¶¶ 6–7; 1-2 ¶¶ 1–2.]